13 CIV 5197

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SASHA LOPEZ,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JONATHAN
RIVERA, SGT. JESUS FREYTES,
JOHN and JANE DOES,

                Defendants.
-----------------------------------------------------------------X



COMPLAINT

Jury Demand

Plaintiff SASHA LOPEZ (hereinafter "Plaintiff") by and through her attorneys, Vikrant Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of Bronx and State of New York.

8. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. The individual and John Doe defendants are supervisory officers who were responsible for supervision of their subordinates and are sued in their individual, official and supervisory capacities.

10. The individual and John Doe defendants are alleged to have acted under the color of state law and are sued in their individual and official capacities.

11. The named and yet to be named individual Defendants are employees of Defendant City and other government entities and are sued in their individual, supervisory and official capacities and are alleged to have acted under the color of state law.

## FACTS

12. On August 6, 2009, the plaintiff, then a 16 year old female and thus an infant under the law of the State of New York, was falsely arrested without probable cause, incarcerated, and falsely charged with five (5) felonies, five (5) misdemeanors and a violation.

13. The charges arose out of an incident wherein one Jim Ocampo was allegedly robbed of a watch by 3 individuals (including a female) in the vicinity of 1225 Gerard Avenue, County of Bronx, State of New York.

14. The plaintiff was not only not involved in the alleged robbery in any manner, but at the time of the alleged robbery, the plaintiff who is a light skinned Hispanic female was actually several blocks away from the scene of the crime with Mr. Christopher Grannum her school mate who was also her boyfriend.

15. Mr. Grannum is a dark skinned Afro-American male who at the time was also a minor.

3

16. Both the plaintiff and her boyfriend were academic students attending High School and neither had ever been arrested or had run afoul of the law up until that date.

17. Mr. Grannum and plaintiff had been visiting with, and attending the needs of Mr. Grannum's mother who was house bound due to a severe illness.

18. When plaintiff and her boy friend came downstairs from her mother's apartment, and were on the sidewalk near 1225 Gerard Avenue, where the alleged robbery took place, they were accosted by two uniformed NYPD officers who immediately stated to each other words to the effect that "she has the watch".

19. At the time plaintiff was wearing a similar watch that had been given to her by her boyfriend.

20. The defendant uniformed officers took plaintiff into custody and seized her watch despite her and her boyfriend's protestations and statements as to their prior ownership of said watch.

21. The defendant NYPD officers placed plaintiff in handcuffs behind her back, and could be heard on their walkie-talkies advising other police personnel with words to the effect that they had "one under", and that they would hold plaintiff for further action at the corner that they were standing at.

22. A short time later, an unmarked police vehicle arrived at the corner. The plaintiff who was handcuffed behind her back and while being held by two uniformed police officers was brought over to the unmarked police car so that she could be viewed by whoever was in the back seat of the police car.

4

23. As a result of the above described and obviously unconstitutionally tainted showup, plaintiff was identified by whomever was in the back seat of the police vehicle.

24. Plaintiff was taken to a local Police Precinct where she was repeatedly questioned without her parents being present or even notified and after her repeated denials of any involvement, she was processed and held until she was brought before a judge of the Criminal Court upon charges that she had aided and abetted others to rob a watch from the victim.

25. Curiously, the watch that had been seized from the plaintiff upon her arrest was returned to her during processing because it turned out not only not to be the stolen watch, but not even the same brand or type that was stolen.

26. After being held in custody for over 24 hours, plaintiff was brought before a Criminal Court Judge and arraigned on the aforedescribed charges.

27. Thereafter on August 20, 2009, plaintiff was indicted by a Grand Jury and arraigned on said indictment on September 21, 2009.

28. Plaintiff was released on her own recognizance in the custody of her parents, and returned to court repeatedly over the next two years seeking a trial and her vindication.

29. After plaintiff refused many offers to plead guilty to lesser charges with promises of no incarceration or any further punishment, the Court dismissed all charges against plaintiff. During that period, plaintiff had to make countless court appearances, and engage the services of a retained attorney.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendant's acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

32. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical and emotional injuries.

33. Defendants placed plaintiff in such a suggestive manner so as to imply directly to the complaining victim that they had arrested the person who allegedly robbed him.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and

6

procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

36. As a result of the foregoing, Plaintiff was deprived of her liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants knew that by fabricating evidence against the plaintiff, suggesting that she was the person who stole the alleged victims watch and filing false charges against Plaintiff she would very likely be held in custody, have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence.

39. Due to Defendants' actions, Plaintiff was deprived of life and liberty interest for over two years..

40. Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff and yet failed to drop and instead did pursue the charges knowing full well that the charges were trumped up. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and he was subjected to violation of his state and federal rights.

7

## AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, stopping minorities in the Bronx and subjecting them to unconstitutional seizures. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

44. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

45. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

46. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

47. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Section 1981)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants targeted Plaintiff falsely accused her of a crime because of her race and color and caused her deprivation of her constitutional rights.

50. As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Conspiracy under Section 1985)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants targeted Plaintiff because of her being found in a location whom the police had targeted. When defendants could not find any evidence of criminal activity against the plaintiff, they conspired with each other and the alleged victim to fabricate evidence and bring trumped up charges against the plaintiff.

53. Plaintiff suffered serious and permanent physical and emotional injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants actions and conduct denied plaintiff the right to a fair trial and hearing and prolonged her unlawful seizure and him being maliciously prosecuted.

56. As a result of this, plaintiff was injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The Defendant supervisors had the supervisory duty to control their subordinates. Instead through their own actions and inaction, plaintiff suffered injuries and therefore they are liable under supervisory liability.

### State Law Claims

## AS AND FOR A NINETH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Upon information and belief, Defendant City failed to use reasonable care

in the screening, hiring and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff' rights.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against Defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
July 15, 2013

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*